## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | Chapter 11 |
| Yellow Cab Affiliation, Inc., | Case No. 15-09539 |
| Debtor. | Hon. Carol A. Doyle |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **March 26, 2015 at 11:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the **Honorable Judge Carol A. Doyle**, Bankruptcy Judge, in Courtroom 742, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge who may be sitting in her place and stead, and shall then and there present the **MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) AUTHORIZING THE CONTINUED USE OF EXISTING BUSINESS FORMS AND (B) WAIVING ANY REQUIREMENT FOR A SPECIFIC ACCOUNT FOR TAX PAYMENTS AND (C) GRANTING RELATED RELIEF**, a copy of which is attached and hereby served upon you.

Dated: March 20, 2015

                                                         Respectfully submitted,
                                                         YELLOW CAB AFFILIATION, INC.

                                                         By: */s/ Matthew T. Gensburg*
                                                               Matthew T. Gensburg

Matthew T. Gensburg (ARDC # 6187247)
Martin S. Kedziora (ARDC # 6300162)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)
gensburgm@gtlaw.com
kedzioram@gtlaw.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that true and correct copies of this notice and **MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) AUTHORIZING THE CONTINUED USE OF EXISTING BUSINESS FORMS AND (B) WAIVING ANY REQUIREMENT FOR A SPECIFIC ACCOUNT FOR TAX PAYMENTS AND (C) GRANTING RELATED RELIEF** were served upon the parties listed on the service list attached hereto via overnight delivery on March 21, 2015.

                                                              */s/ Matthew T. Gensburg*
                                                                Matthew T. Gensburg

# **SERVICE LIST**

**VIA UPS OVERNIGHT:**

U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604

U.S. Attorney's Office
Northern District of Illinois,
Eastern Division
219 South Dearborn, 5th Floor
Chicago, Illinois 60604

Internal Revenue Service
230 S. Dearborn Street
Chicago, Illinois 60604

Robert A. Clifford
Clifford Law Offices
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
*Represents Marc Jacobs and Deborah Jacobs*

Shelly A. DeRousse
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
*Represents Marc Jacobs and Deborah Jacobs*

QBE/Clarendon National Insurance Company
411 5th Ave.
New York, NY 10016

QBE/Praetorian
Insurance Company
One General Dr.
Sun Prairie, WI 535596

AIG/Lexington
Insurance Company
99 High St, Floor 23
Boston, MA 02110-2378

McClure & Associates
2067 Burlington Ave.
Lisle, IL 60532

Taxi Affiliation Services
3351 W. Addison
Chicago, IL 60618

American Business
Insurance Services Company
32107 Lindero Canyon Rd., Suite 120
Westlake Village, CA 91361

New York Marine and General Insurance Company
412 Mount Kemble Ave.
Morris Town, NJ 07960

Liberty Mutual
Insurance Company
175 Berkley St.
Boston, MA 02116

Tannen Law Group PC
19 S. LaSalle St.
Suite 1600
Chicago, IL 60603

Taxi Works, LLC
3351 W. Addison
Chicago, IL 60618

First Chicago Insurance Company
6640 S. Cicero Ave.
Bedford Park, IL 60638

Mesirow Financial
353 N. Clark St.
Chicago, Illinois 60654

Stratex Partners
444 N. Michigan Ave., 28th Floor
Chicago, IL 60611

3

Transamerica Financial
Life Insurance Company
440 Mamaroneck Ave.
Harrison, NY 10528

Illinois Insurance
Guaranty Fund
120 S. LaSalle St., Suite 1910
Chicago, Illinois 60603

Michael Best & Friedrich LLP
Two Prudential Plaza
180 N. Stetson Ave.
Suite 200
Chicago, IL 60601

Lucianne Cimino
233 E. Wacker Dr.
Suite 305
Chicago, IL 60601

Billy Carter
4823 S. Calumet
Chicago, IL 60615

Courtney Griffin
125 Colony Dr.
Barrington, IL 60010

Vito Rago
1490 Westbourne
Algonquin, IL 60102

Ashley Comforte
1006 Hickory Trail
Downers Grove, IL 60515

The PrivateBank
120 S. LaSalle Street
Chicago, Illinois 60603

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | Chapter 11 |
| Yellow Cab Affiliation, Inc.,[1] | Case No. 15-09539 |
| Debtor. | Hon. Carol A. Doyle |

**MOTION OF THE DEBTOR FOR ENTRY OF AN
ORDER (A) AUTHORIZING THE CONTINUED USE OF EXISTING
BUSINESS FORMS (B) WAIVING ANY REQUIREMENT FOR
A SPECIFIC ACCOUNT FOR TAX PAYMENTS
AND (C) GRANTING RELATED RELIEF**

Yellow Cab Affiliation, Inc., debtor and debtor-in-possession (the "**Debtor**"), hereby moves the Court (the "**Motion**") pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure, the Local Rules the United States Bankruptcy Court for the Northern District of Illinois (the "**Local Rules**"), and the investment and deposit guidelines (the "**Guidelines**") promulgated by the Office of the United States Trustee, for entry of an order authorizing continued use of the Debtor's existing business forms, waiving any requirement that the Debtor maintain a specific bank account for tax payments and providing any additional relief as is necessary to effectuate the foregoing. In support of this Motion, the Debtor respectfully states as follows:

**Status of the Case**

1. On March 18, 2015, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor has continued in possession of its property and is operating and

---

[1] The last four digits of the Debtor's tax identification number are 6889. The Debtor's business address is 3351 W. Addison, Chicago, IL 60618.

2

managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these cases.

## Jurisdiction, Venue, and Statutory Predicates

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code.

## Background

5. The Debtor is a licensed taxicab affiliation whose members (approximately 1,600) operate taxicabs which service the general public in the City of Chicago.

6. Taxi affiliations, such as the Debtor, are companies formed and licensed by the City of Chicago to provide services to taxi medallion owners including (1) a uniform trade dress and colors, (2) uniform trademarks, (3) insurance, (4) dispatch system, (5) a Chicago business address, (6) a registered telephone number, and (7) a registered agent, among other services.

7. The Debtor is a licensee of the trademarks, trade dress, and goodwill associated with the operation of the Yellow taxi service in the City of Chicago.

8. A detailed factual background of the Debtor's businesses and operations, as well as the events precipitating the commencement of these cases, is more fully set forth in the *Declaration of Gary Sakata in Support of the Debtor's Chapter 11 Petition and Request for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

**A.     The Debtor's Debtor-in-Possession Bank Account and Cash Management System**

9.     Pursuant to the Guidelines, the Debtor opened a new debtor-in-possession bank account (the "**DIP Account**") to provide a clear line of demarcation between prepetition and postpetition claims and payments and to help protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date.

10.     The Guidelines require that the bankruptcy funds be held only in certain financial institutions designated as authorized depositories by the United States Trustee, and which executed the Uniform Depository Agreement ("**UDA**").  The DIP Account was opened with The Private Bank, an authorized deposit by the United States Trustee.  For the avoidance of doubt, the Debtor will deposit funds in and withdraw funds from the DIP Account, to effect the administration of this chapter 11 case.

11.     The Debtor and Taxi Affiliation Services, Inc. ("**TAS**"), a non-debtor affiliated company, are parties to a Services Agreement (the "**Services Agreement**").  Pursuant to the Services Agreement, the Debtor outsources a number of administrative tasks and other related services to TAS.  Specifically, TAS, directly or through one or more other service providers makes available to the Debtor such personnel and systems necessary to assist the Debtor in its (i) accounting and back-office functions; (ii) providing dispatch services; (iii) cashiering and collecting funds related to affiliation fees, charges or other revenues payable to the Debtor; (iv) maintenance of customary books, records and accounts of all costs and expenses incurred and all income and receipts received; and (v) IT support and service.

12.     Pursuant to the Services Agreement, TAS also provides the Debtor, and the Debtor utilizes and makes available to its members, among other things (i) cashier window services, (ii) purchasing programs for radios and communications equipment, (iii) assistance in securing advertising programs, and (iv) assistance in securing insurance programs.  The Services

Agreement allows the Debtor, among other things, to meet the needs of its customers and vendors efficiently in a cost-effective manner through the centralization of key administrative functions. Prior to the Petition Date, the Debtor and TAS reconciled their books and records with respect to administrative tasks referenced in the Services Agreement on an annual basis.

13. As of the Petition Date, TAS now invoices the Debtor on a weekly basis for the cost and expenses of the services provided to the Debtor pursuant to the Services Agreement. As the extent of the services provided to the Debtor are largely fixed, the weekly invoices from TAS are for a fixed sum. To account for any variable or unanticipated expenses borne by TAS for services provided to the Debtor, TAS and the Debtor performs a reconciliation of all of the deposits and debits with TAS on a monthly basis.

B. **Existing Business Forms**

14. In the ordinary course of business, the Debtor maintains pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, and other business forms (collectively, along with the Debtor's checks, the "**Business Forms**"). To minimize administrative expense and delay, the Debtor requests authority to continue to use existing Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtor's "Debtor-in-Possession" status.

**Relief Requested**

15. By this Motion, the Debtor seeks an order authorizing the continued use of existing Business Forms, waiving any requirement to use a specific account for tax payments, and providing any additional relief required in order to effectuate the foregoing. The relief requested herein will help ensure the Debtor's smooth transition into chapter 11 and avoid the possible disruptions and distractions that could otherwise divert the Debtor's attention from more

5

pressing matters during the initial days of this case.

16. The Debtor reserves the right, in its discretion, subject to any required consent, to close or otherwise modify the terms of the DIP Account and open new debtor-in-possession accounts as may be necessary to facilitate this chapter 11 case and the Debtor's operations.

**Basis for Relief Requested**

**A.    DIP Account and Cash Management System**

17. As part of the requested relief, the Debtor seeks a waiver of the requirement to establish specific bank accounts for tax payments. The Debtor believes that tax obligations can be paid most efficiently out of the DIP Account and that the United States Trustee can adequately monitor the flow of funds into, among, and out of the DIP Account, and that the creation of an additional debtor-in-possession account designated solely for tax obligations would be unnecessary and inefficient.

**B.    The Debtor Should be Permitted to
       Continue Using Existing Business Forms**

18. The Debtor's continued use of the Business Forms substantially in the form existing immediately before the Petition Date will not prejudice parties in interest, and such relief will avoid unnecessary expenses and administrative delays at this critical time.

19. As of the Petition Date, the Debtor had a large stock of Business Forms that they used in the ordinary course of business. Reprinting Business Forms to indicate that the Debtor is a "Debtor-in-Possession" would impose an unnecessary burden and expense on the Debtor. There is little doubt that the parties with whom the Debtor does business shortly will become aware that the Debtor is a chapter 11 debtor-in-possession. In any event, in accordance with the Guidelines, the Debtor will add such "Debtor-in-Possession" designation to any checks that it obtains or creates postpetition.

20. In other cases, courts in this district have allowed debtors to use their prepetition business forms without the "Debtor-in-Possession" label. *See, e.g., In re Edison Mission Energy,* No. 12-49219 (JPC) (Bankr. N.D. Ill. May 15, 2013); *In re Bridgeview Aerosol, LLC*, No. 09-41021 (PSH) (Bankr. N.D. Ill. Nov. 2, 2009); *In re XMH Corp. 1 (f/k/a Hartmarx Corp.)*, No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009).

### Notice

21. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) creditors holding the twenty (20) largest unsecured claims as set forth in the List of Creditors Holding 20 Largest Unsecured Claims filed with the Debtor's petition; (c) those parties requesting notice pursuant to Rule 2002; (d) the Office of the United States Attorney General for the Northern District of Illinois; (e) the Internal Revenue Service; and (f) The PrivateBank. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

22. No prior request for the relief sought in this Motion has been made to this or any other court.

### Conclusion

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and that it grants the Debtor such other and further relief as is just and proper.

7

Dated:  March 20, 2015                              Respectfully submitted,

                                                                           YELLOW CAB AFFILIATION, INC.

                                                                           By:  /s/ Matthew T. Gensburg
                                                                                 Matthew T. Gensburg

Matthew T. Gensburg (ARDC # 6187247)
Martin S. Kedziora (ARDC # 6300162)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
(312) 456-8400
(312) 456-8435 (fax)
gensburgm@gtlaw.com
kedzioram@gtlaw.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*

8