# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CAB AFFILIATION, INC., | ) | Case No. 15-09539 |
| | ) | |
| Debtor. | ) | Honorable Judge Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: March 26, 2015 |
| | ) | Hearing Time: 11:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 26, 2015 at 11:00 a.m., the undersigned shall appear before the Honorable Judge Carol A. Doyle, in Courtroom 742, at 219 South Dearborn Street, Chicago, Illinois, and then and there present American Country Insurance Company's Motion for Relief from Stay and Approve Shortened and Limited Notice, at which time you may appear if you deem fit.

Dated: March 24, 2015

Respectfully submitted,

American Country Insurance Company

By  /s/ Brian L. Shaw
      One of its attorneys

Brian L. Shaw
John Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street
Suite 800
Chicago, Illinois 60654
Phone: (312) 541-0151
Fax: (312) 980-3888

{11242-001 MOT A0401259.DOC 2}

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served a true copy of the above and foregoing Notice of Motion and American Country Insurance Company's Motion for Relief from Stay and Approve Shortened and Limited Notice upon the attached Electronic Mail Notice List through the ECF System and on the Master Service List in the manner so indicated on this 24rd day of March, 2015.

/s/ *John Guzzardo*

## Master Service List

# CM/ECF Email Notice List for Case 15-09539:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Matthew T. Gensburg gensburgm@gtlaw.com
- Martin S. Kedzoria kedzoriam@gtlaw.com
- Shelly A. DeRousse sderousse@freeborn.com

**Parties Served Via Same Day Messenger Delivery**

Office of US Trustee
219 S. Dearborn, Ste. 873
Chicago, IL 60604

Bob Clifford
Clifford Law Offices
120 North LaSalle Street, 31st Floor
Chicago, IL 60602

**REQUIRED STATEMENT
TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY**

All Cases: Debtor(s) __Yellow Cab Affiliation, Inc.__ Case No. __15-9539__ Chapter __11__

All Cases: Moving Creditor __American Country Insurance Company__ Date Case Filed __03/18/2015__

Nature of Relief Sought: ☑ Lift Stay    ☐ Annul Stay    ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a. ☐ Home
   b. ☐ Car  Year, Make, and Model _____
   c. ☑ Other (describe) __Insurance Proceeds__

2. Balance Owed as of Petition Date  $ _____
   Total of all other Liens against Collateral $ _____

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases)  $ __350,000.00__

5. Default
   a. ☐ Pre-Petition Default
      Number of months ____  Amount $ _____

   b. ☐ Post-Petition Default
      i.  ☐ On direct payments to the moving creditor
          Number of months ____  Amount $ _____

      ii. ☐ On payments to the Standing Chapter 13 Trustee
          Number of months ____  Amount $ _____

6. Other Allegations
   a. ☐ Lack of Adequate Protection § 362(d)(1)
      i.   ☐ No insurance
      ii.  ☐ Taxes unpaid   Amount $ _____
      iii. ☐ Rapidly depreciating asset
      iv.  ☐ Other (describe) _____

   b. ☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

   c. ☑ Other "Cause" § 362(d)(1)
      i.   ☐ Bad Faith (describe) _____
      ii.  ☐ Multiple Filings
      iii. ☑ Other (describe) __Insurance Proceeds Payment__

   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm  ii ☐ Redeem  iii. ☐ Surrender  iv. ☑ No Statement of Intention Filed

Date: __03/24/2015__                    __/s/ John Guzzardo__
                                        Counsel for Movant

(Rev. 12/21/09)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CAB AFFILIATION, INC., | ) | Case No. 15-09539 |
| | ) | |
| Debtor. | ) | Honorable Judge Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: March 26, 2015 |
| | ) | Hearing Time: 11:00 a.m. |

**AMERICAN COUNTRY INSURANCE COMPANY'S MOTION FOR RELIEF FROM STAY AND APPROVE SHORTENED AND LIMITED NOTICE**

Pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(a), American Country Insurance Company ("American Country") hereby moves, to the extent necessary, for: (a) relief from the automatic stay to authorize its immediate deposit with the Circuit Court of Cook County ("Circuit Court") the Maximum Liability Coverage Limit (as defined below) under the Policy (as defined below), with disbursement of such funds being subject to further order of the Court; and (b) a waiver of the 14 day stay period pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3). Pursuant to Federal Rules of Bankruptcy Procedure 9006(c) and 9007, American Country also seeks a waiver of further notice of this motion and the Court's hearing thereon. In support of this motion ("Motion"), American Country respectfully states as follows:

## I. INTRODUCTION

1. On or about January 2, 2005, Zegus, Inc. ("Zegus"), a commercial taxi service company, entered into a Commercial Transportation Auto Policy, Policy No. AYP0010112 agreement with American Country ("Policy"). The Policy named Yellow Cab Affiliation, Inc. ("Debtor") as an additional insured. The Policy potentially provides a maximum of $350,000.00 of coverage for any single accident or loss ("Per Occurrence Limit") plus any

taxable costs ("Costs") and, if applicable, statutory post-judgment interest as calculated on the *entire* amount of any judgment ("Interest," collectively with the Per Occurrence Limit and Costs, the "Maximum Liability Coverage Limit").

2. On March 17, 2015, the Circuit Court, in the case styled as *Jacobs, et al v. Zegus, Inc. et al*, Case No. 05 L 10138 ("Litigation") entered a judgment ("Judgment"), in relevant part, for Marc and Deborah Jacobs (collectively, the "Jacobs") and against the Debtor for negligence claims under *respondeat superior* theory stemming from a 2005 car accident. The Judgment assessed $25,949,291.00 in damages against the Debtor.

3. American Country is ready, willing and able to deposit with the Circuit Court the Maximum Liability Coverage Limit. However, because the Debtor is one of the insureds on whose behalf such a deposit would be made, American Country recognizes it likely needs to seek a modification of the automatic stay imposed under Section 362(a) ("Stay") to do so.

4. Time is of the essence due to the extraordinary size of the applicable Judgment and the Interest component of the Maximum Liability Coverage Amount, which calculates to a per diem of $6,487.32 pursuant to Illinois' post-judgment interest rate of 9% per annum. *See* 735 ILCS 5/2/1303; 5/12-109. As such, the relief sought herein is urgent, as but for the Debtor's bankruptcy filing, American Country would be able to immediately deposit the Maximum Liability Coverage Limit and avoid incurring almost $6,500 a day in Interest charges. Moreover, there is no question that causes exists under Section 362(d) to grant such relief.[1]

---

[1] Through the filing of this Motion, American Country is taking no position on the merits that led to the Judgment or on any appeal subsequently taken by any party thereto. American Country understands that its deposit of the Maximum Liability Coverage Limit should not prejudice any parties' rights with regard to the Judgment.

{11242-001 MOT A0401259.DOC 2}  2

## II. **BACKGROUND & JURISDICTION**

5. Hours after the Judgment was entered, on March 18, 2015 (the "Petition Date"), the Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case"). As of the filing of this Motion, no official committee has been appointed in the Case.

6. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O).

7. American Country issued to Zegus a commercial transportation auto insurance policy, policy no. AYP 0010112 ("the Policy"), original effective January 1, 2004 to January 1, 2005, renewed to January 1, 2006 on the same terms, conditions and policy limits. The Policy and renewal name Yellow Cab Affiliation Inc. as an insured. A certified copy of the original policy and the renewal is attached hereto as Exhibit A.

8. The Policy, subject to all of its terms, conditions and exclusions, potentially provides coverage to "insureds," on a *per accident* basis, up to the Maximum Liability Coverage Limit. (*See* Ex. A, Schedule of Coverages and Covered Autos; Section II(A).) The Policy contains no aggregate liability limit, so American Country must potentially cover the Maximum Liability Coverage Limit for each and every separate accident or occurrence within the policy period. While the Per Occurrence Limit for each accident is capped at $350,000.00, the Policy,

as a whole, does not erode. Therefore, the relief requested herein does not prejudice the Debtor or any other potential claimant.[2]

9. On August 31, 2005, an employee of Zegus was driving a Zegus-owned automobile covered under the Policy, with Mr. Marc Jacob as a fare paying passenger. The employee lost control of the automobile and crashed into a concrete barrier (the "Jacob Accident"). After filing a complaint and initiating the Litigation on or about September 15, 2005, nine and a half years later, Jacob obtained the Judgment. American Country does not dispute it has an obligation under the Policy to pay the Maximum Liability Coverage Amount towards the Judgment.

10. Specifically, pursuant to the Policy, American Country must pay, on behalf of the Debtor:

> [a]ll interest on the <u>full amount of any judgment</u> that accrues after entry of the judgment in any "suit" [American Country] defends, but [the] duty to pay interest ends when [American Country has] paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

(Ex. A at Section II(A)(2) (emphasis added).) As noted above, under Illinois law, interest on the *entire* Judgment amount (of nearly $26m) is accruing at $6,487.32 *per day*.[3] *See* 735 ILCS 5/2/1303; 5/12-109.

11. After entry of the Judgment, the Debtor filed the instant Case. The filing of the Case, however, did not relieve American Country of its obligations under the Policy. (*See* Ex. A. Section IV(B)(1).) American Country has received notice of the forgoing proceedings under

---

[2] It should be noted, however, that the existence of any other claimants under the Policy is unlikely as its coverage period was ten years ago. Any conceivable statute of limitations for the coverage period has run and American Country is unaware of any other pending claims.

[3] American Country reserves all rights to deny or limit coverage under the Policy with respect to any obligations to pay Interest on the basis of the various terms, conditions and exclusions to coverage contained therein and under applicable law.

{11242-001 MOT A0401259.DOC 2}      4

the Policy and now requests permission to deposit the Maximum Liability Coverage Amount with the Circuit Court as soon as practicable, in order to avoid the needless accrual of Interest as part of the Maximum Liability Coverage Amount.

### III. AUTHORITY

12. Case law is not uniform on the question of whether insurance policy proceeds are property of the estate under section 541 of the Bankruptcy Code, and thereby subject to the Stay, and American Country is not seeking a finding on this issue at this time. On the other hand, the Debtor clearly has some interest in the Policy. Therefore, American Country has filed this Motion so as to avoid violating the automatic stay. While American Country takes no position in this Case on whether the proceeds of the Policy are property of the Estate, if it is determined that the Stay applies to both the Policy and its proceeds, there is cause to lift the Stay and allow American Country to deposit the Maximum Liability Coverage Amount with the Circuit Court, with disbursement of such funds being subject to further order of this Court.[4]

**A. The Policy Proceeds, Arguably, are Not Property of the Estate.**

13. Pursuant to 11 U.S.C. § 541(a)(1), property of the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 362(a)(3) protects such property from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). *In re Pasquinelli Homebuilding, LLC*, 463 B.R. 468, 472 (Bankr. N.D. Ill. 2012). "The majority view is that insurance policies are property of the bankruptcy estate and protected by the automatic stay provision of Section 362(a)(3) of the [Bankruptcy] Code." *In re Focus*

---

[4] While American Country understands that there is a question of whether Policy proceeds are property of the estate, for purposes of this Motion, and in light of the relief requested herein and in the proposed order, such a finding is not necessary for relief to be granted. American Country takes no position as to whether the proceeds are property of the estate.

*Capital, Inc.*, 504 B.R. 296, 304-05 (Bankr. D.N.H. 2014) *aff'd sub nom. Straccia v. Menard*, No. 14-CV-80-PB, 2014 WL 4364904 (D.N.H. Sept. 2, 2014). Whether the proceeds of a particular policy are property of a debtor's estate, however, depends upon the rights and obligations contained in the individual insurance agreements.

14. Here, the Debtor has no rights to the Policy proceeds, except to the extent that those proceeds are deposited towards satisfaction of the Judgment resulting from the Jacob Accident. Property rights in insurance policy proceeds depends on whether the insured debtor is a beneficiary. In *Houston v. Edgeworth,* for example, the proceeds from a medical malpractice policy were held to not be property of the debtor physician's estate because the debtor had not made a claim on the proceeds and the proceeds could not be payable to creditors other than victims of medical malpractice and their relatives. *In re Edgeworth*, 993 F.2d 51, 56 (5th Cir. 1993).

15. With respect to the present matter, Policy proceeds due and owing from American Country to satisfy this particular Judgment arising from the Jacob Accident cannot be used by the Debtor to pay claims of any other nature – including other tort claims and other accidents, regardless of whether those claims are pending, contested, acknowledged, known or unknown. *See e.g. In re Fernstrom Storage and Van Co.*, 100 B.R. 1017, 1022 (N.D. Ill. Bankr. 1989), where proceeds from a fire insurance policy were held *not* to be sufficiently considered property of the estate, as there was but a single claimant to liability insurance coverage proceeds that were sufficient to cover all tort claims. The insurance policy in *Fernstrom* did not serve as a "bulwark against the erosion of the estate," as suits against the insurers would not favor earlier judgment holders and deplete the proceeds available to satisfy other (later filed) tort claims. *Id.* Like *Fernstrom*, American Country's deposit of Policy proceeds towards the Jacob Accident

claim will not affect other creditors of the Debtor or the Debtor's estate. Indeed, the only creditor who can obtain Policy proceeds arising from the Jacob Accident is Jacob. Furthermore, the only path available to the Debtor to reap *any* benefit from the Policy proceeds with respect to the Jacob Accident and the Judgment is to allow American Country to deposit the Maximum Liability Coverage Amount – thereby potentially reducing Jacob's claim against the Debtor by the same amount.

16.  In any event, "cause" exists under section 362(d) of the Bankruptcy Code to permit relief from the Stay.

### B. Pursuant to 11 U.S.C. § 362(d), Causes Exists to Lift the Automatic Stay.

17.  Section 362(d) of the Bankruptcy Code provides that the Court may provide relief from the Stay on request from a party in interest "for cause." 11 U.S.C. § 362(d). Whether "cause" exists for purposes of this section is determined on a case by case basis and is left to the discretion of the bankruptcy judge. *See e.g. In re Adelphia Communications Corp.*, 285 B.R. 580, 593 (Bankr. S.D.N.Y. 2002) (*hereinafter, Adelphia*), vacated and remanded on other grounds; *In re Adelphia Communications Corp.*, 298 B.R. 49 (S.D.N.Y. 2003).

18.  In the Seventh Circuit, in order to determine that a party can be granted relief from the Stay, the court should "find that the moving party's interest in the property can be better protected or for any other cause the court finds to be worthy." *In re C & S Grain Co., Inc.*, 47 F.3d 233 (7th Cir. 1995) (where relief from the Stay was granted, in part, because of the perishable nature of the grain at issue) citing 11 U.S.C. § 362(d)(1). In determining whether cause exists, the bankruptcy court should base its decision on the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code. *Id.* Among the permissible justifications for modifying the Stay is whether such action will benefit the debtor.

*Id.* Among other things, this Court should consider the relative harms to the interested parties if the Stay is not lifted. *See Adelphia*, 285 B.R. at 594 (considering multiple factors, including the impact of the stay on the parties and the balance of harms).

19.    Here, the accrual of $6,487.32 *per day* in Interest is sufficient cause, by itself, to warrant the relief requested by American Country. A mere 54 days after entry of the Judgment, the Interest alone will eclipse the Per Occurrence Limit.

20.    Second, because the Debtor has no rights to Policy proceeds, except to the extent they are paid towards the Judgment, the Debtor suffers no harm in American Country's deposit of the Maximum Liability Coverage Amount with the Circuit Court. As set forth above, if the deposited Maximum Coverage Liability Amount is ultimately applied to the Judgment, such payment will actually serve to benefit the Debtor by reducing Jacob's claim amount against the estate. This is the sole benefit the Debtor has rights to obtain under the Policy with respect to the claims arising from the Jacob Accident.

21.    Finally, American Country's deposit of Policy proceeds towards the Judgment will not impact other creditors of the estate. The Policy has no aggregate liability limit and American Country is unaware of any other claims against the ten year old Policy. Regardless, if any such claim existed, American Country would still potentially pay the Maximum Liability Coverage Limit for each and every such claim. Therefore, the relief requested herein will not impair the Policy with respect to any other claims or potential claims against the Debtor. The Debtor will continue to maintain all the benefits of the Policy going forward through the pendency of this Case.

22.    Based on the foregoing, "cause" under section 362(d) of the Bankruptcy Code exists to warrant relief from the Stay to immediately permit American Country to deposit the

Maximum Liability Coverage Limit with the Circuit Court, with disbursement of such funds being subject to further order of this Court.

## IV. **NOTICE**

23. Three days' notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) Debtor's counsel; (c) those persons who have requested notice in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (d) counsel for Marc and Deborah Jacobs. In light of the issues involved and the astounding rate at which Interest continues to accrue, American Country believes that such notice is appropriate under the circumstances. Consequently, pursuant to Federal Rules of Bankruptcy Procedure 9006(c), and 9007, American Country requests that any further notice of this Motion or the Court's hearing thereon be waived.

WHEREFORE, American Country respectfully requests that this Court enter an order, substantially in the form attached hereto, pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(a): (a) holding that "cause" exists to permit the American Country's immediate deposit of the Maximum Liability Coverage Limit with the Circuit Court, with disbursement of such funds being subject to further order of this Court; (b) finding that notice of the Motion and related hearings thereon, as described herein, was sufficient and that any further notice be waived pursuant to Federal Rules of Bankruptcy Procedure 9006(c) and 9007; (c) pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), granting a waiver of the 14 day stay period for the effectiveness of the order granting the relief sought herein; and (d) such other and further relief as is just and equitable.

Dated: March 24, 2015   Respectfully submitted,

American Country Insurance Company

By  /s/ Brian L. Shaw
    One of its attorneys

Brian L. Shaw
John Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Phone: (312) 541-0151
Fax: (312) 980-3888