UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankr. No. 15-09539 |
| | ) | |
| Yellow Cab Affiliation, Inc., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |

**Order on First and Final Application for Allowance and Payment of Compensation
and Reimbursement of Expenses of Diamond McCarthy LLP as Special Counsel to the Trustee
(Docket 1265) and Findings of Fact and Conclusions of Law in Support Thereof**

This matter coming before the Court on the First and Final Application for Allowance of Compensation and Reimbursement of Expenses of J. Gregory Taylor and the law firm of Diamond McCarthy LLP (collectively, "Diamond McCarthy"), (the "Application"), as Special Counsel to Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Yellow Cab Affiliation, Inc., due notice having been given and the Court having considered the Application and the statements of counsel appearing before the Court, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1) The relief requested in the Application is granted in part and denied in part, as is set forth below;

2.) Diamond McCarthy's request to limit notice of the hearing on the Application is granted;

3.) All objections to the Application or the relief requested therein that have not been made, withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits;

4.) Diamond McCarthy's request for payment of contingency fees in the amount of $1,208,277.75 ("fees") for legal services rendered to the Trustee for the period October 26, 2017 through May 31, 2023 is hereby granted;

5.) Diamond McCarthy's request for reimbursement of out-of-pocket expenses in the amount of $979,305.62 ("expenses") incurred in connection with the legal services rendered to the Trustee is hereby denied in the amount of $6,258.41, and granted in the allowed amount of $973,047.21;

6.) The Trustee is hereby authorized to pay to Diamond McCarthy the net sum of $2,181,324.96, which represents compensation for fees ($1,208,277.75), plus reimbursement of Diamond McCarthy's expenses ($973,047.21), for legal services rendered to the Trustee.

**Findings of Fact and Conclusions of Law in Support of Order for Allowance
and Payment of Compensation and Reimbursable Expenses to Diamond McCarthy LLP,
Special Counsel to the Trustee (Docket 1265)**

Total Fees Requested: $1,208,277.75                    Total Costs Requested: $979,305.62

Fees Disallowed: $0.00                                 Costs Disallowed: $6,258.41

Total Fees Allowed: $1,208,277.75                      Total Costs Allowed: $973,047.21

Total Fees and Costs Requested: $2,187,583.37

Total Fees and Costs Allowed: $2,181,324.96

## I. Rationale for the Disallowed Expenses

When seeking reimbursement of expenses, an applicant's "[f]ee application should include a detailed itemization of the expenses for which reimbursement is sought, including the date the expense was incurred, the type of expense, and the amount." *In Re Lancelot Invs. Fund, L.P.*, Bankr. No. 08-28225, 2023 WL 3033303, at *1 (Bankr. N.D. Ill. Apr. 20, 2023) (citing *In re Eckert*, 414 B.R. 404,414-15 (Bankr. N.D. Ill. 2009)); *see In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987)). The applicant has the burden to show that it is entitled to reimbursement of expenses. *Id.* (citing *In re Eckert*, 414 B.R. at 415).

For purposes of reimbursement, an expense is "necessary" if "it was incurred because it was required to accomplish proper representation of the client." *Id.* "The Court does not permit reimbursement for expenses that were not actually and necessarily incurred by the applicant." *Id.* (citing 11 U.S.C. §§ 330(a)(1)(B) & 331). The Court needs enough information about an expense to determine whether it was reasonable or necessary, which may include information about "why" the expense was charged or "what" the expense was used for. *Id.* (citing *In re Earl Gaudio & Son, Inc.*, No. 13-90942, 2018 WL 3388917, at *16 (Bankr. C.D. Ill. July 10, 2018)).

### 1. Research Expenses

Applicants who seek reimbursement for legal research expenses should note "'[t]he nature and purpose of the legal research'" and 'the entry should indicate what matter the material sought will be used in.'" *In re Leavens*, Bankr. No. 21-12369, 2023 WL 4552180, at *1 (Bankr. N.D. Ill. July 14, 2023) (citing *In Re Lancelot Invs. Fund, L.P.*, 2023 WL 3033303, at *2); *see also In re Wildman*, 72 B.R. at 708). "'Entries of 'research,' 'legal research' or 'bankruptcy research'" will not suffice. *Id.* (citing *In Re Lancelot Invs. Fund, L.P.*, 2023 WL 3033303, at *2); *see also In re Wildman*, 72 B.R. at 708; *In re Meier*, Bankr. Bankr. No. 14-10105, 2015 WL 1756775, at *6 (Bankr. N.D. Ill. Apr. 13, 2015)).

Courts in this district have denied reimbursement for expenses incurred for "Westlaw research" or "computer research" where the only details given were the "date the research was performed and the amount incurred," reasoning that without additional information, including "the nature of the topics researched and how the research was pertinent to the case," the Court was unable to determine whether the expenses were reasonable and necessary. *Id.* (citing *In Re Lancelot Invs. Fund, L.P.*, 2023 WL 3033303, at *2).

This application requests reimbursement of expenses in the amount of $979,305.62, and $6,293.91 of these expenses were for On-Line Research expenses. *See* Application, Dkt. 1265 (part 1), ¶ 23; *Id.*, Dkt. 1265 (part 4), Ex. B, Summary of Expenses. However, for many of these On-Line Research expenses, Applicant failed to describe the topics researched and how the research was pertinent to the case, and thus

the request for reimbursement of expenses will be disallowed in the amount of $6,258.41, and allowed in the amount of $973,047.21. *See id.*, Ex. B, pp. 2-4, 7-8. These expenses are detailed below, organized according to the relevant categories of Applicant's application. *Id.*

| Cost ID | Date | Description/Payee | Amount |
|---------|------|-------------------|--------|
| 146444 | 01/31/18 | On-Line Research; Westlaw/January, 2018 | $9.85 |
| 146995 | 02/28/18 | On-Line Research; Westlaw/February, 2018 | $22.92 |
| 147657 | 03/31/18 | On-Line Research; Westlaw/March, 2018 | $372.81 |
| 147659 | 03/31/18 | On-Line Research; Westlaw/March, 2018 | $1,050.47 |
| 148235 | 04/30/18 | On-Line Research; Westlaw/April, 2018 | $342.55 |
| 151029 | 09/30/18 | On-Line Research; Westlaw/September 2018 | $10.06 |
| 155375 | 04/30/19 | On-Line Research; Westlaw/April | $178.28 |
| 157661 | 08/31/19 | On-Line Research; Westlaw/August 2019 | $138.31 |
| 160324 | 12/31/19 | On-Line Research; Westlaw/December 2019 | $47.59 |
| 161040 | 01/31/20 | On-Line Research; Westlaw/January 2020 | $1,453.63 |
| 171834 | 10/31/21 | On-Line Research; Westlaw, October 2021 | $2,009.08 |
| 176029 | 08/30/22 | On-Line Research; Westlaw, August 2022 | $622.86 |

Expenses Requested: $979,305.62    Amount Allowed: $973,047.21 (Reduction of $6,258.41)

Date: August 1, 2023                          ENTER: _____

                                              Hon. Jacqueline P. Cox

                                              United States Bankruptcy Judge

-3-