UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case 15-09539 |
| Yellow Cab Affiliation, Inc. | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM DECISION

The matter comes before the Court on the Objection (ECF No. 1274, the "Objection") of the Chapter 7 Trustee to the claim of Luciane Cimino (Claim No. 42-1, the "Claim"). The parties do not dispute that the Claim is in the nature of a personal injury claim which was raised by Ms. Cimino in a lawsuit brought in the Circuit Court of Cook County, Illinois. The Trustee asserts, in essence, that the matter can be resolved without trial as a matter of law on the basis of a pre-petition arbitration decision against Ms. Cimino and a pre-petition Illinois state court order dismissing her complaint with prejudice. Ms. Cimino argues that neither event precludes her claim because she timely appealed both, which appeals were pending as of the date of the Debtor's bankruptcy petition and are currently stayed by operation of 11 U.S.C. § 362.

The Court notes at the outset that while 11 U.S.C. § 157(b)(5) allows for certain pretrial consideration of a personal injury tort claim by a bankruptcy court, it does not permit this Court to try and decide the Claim on the merits as the Trustee

requests.  After considering the materials submitted and argument presented, for the reasons stated on the record at the previous status hearing and as more fully set forth herein, the Court finds that the Trustee failed to support his preclusion argument. To the extent the Claim Objection is based on that ground, it is overruled.  Further, upon consideration of the factors pertinent to this case, including that it is undisputed that Ms. Cimino's claim has reached an advanced state in the state appeals court, the Court further finds that permissive abstention is appropriate in this case. 28 U.S.C. § 1334(c)(1).  This Court will order *sua sponte* the modification of the automatic stay to allow the pending appeals of the arbitration and dismissal order to proceed in the state court for determination.

## I.  PROCEDURAL BACKGROUND

Yellow Cab Affiliation, Inc. commenced this bankruptcy case under chapter 11 on March 18, 2015.  The Court granted the U.S. Trustee's motion to convert the case to chapter 7 on November 3, 2016, and it subsequently set November 6, 2017, as the bar date for all proofs of claim.

Luciane Cimino submitted her proof of claim well before that deadline.  Her October 6, 2015 *pro se* filing asserted a claim, in her words, of "at least $23,820,000" for a "Personal Injury." (Claim No. 42-1.)  A number of documents accompanied the filing, including a copy of a "Second Amended Complaint at Law" filed in case number 09 L 008252 in the Circuit Court of Cook County, Illinois, and dated December 28, 2012.  The pleading named "Ike R. Ehireme a/k/a Ike R. Ehirhieme" and "Yellow Cab Affiliation, Inc., a//k/a Yellow Cab Company" among other defendants.  It alleges

plaintiff Luciane R. Cimino was a pedestrian who was struck and injured by a vehicle operated by Ehireme while crossing Randolph Street in downtown Chicago on July 15, 2007. The defendant driver is alleged to be an agent or employee of Yellow Cab which, it is further alleged, managed, owned or leased the vehicle. Pleading her cause of action in seven counts, the plaintiff asserts claims of negligence and willful and wanton misconduct against the defendants, demanding damages in excess of $50,000. Next attached is an exhibit entitled "Amendment to Second Amended Complaint at Law." Dated April 30, 2013, this document asserts additional counts for negligent entrustment, negligent hiring, and negligent retention. Also attached is the "Plaintiff's Motion to Add Prayer for Punitive Damages" dated April 29, 2014. All three documents appear to have been filed *pro se* by Ms. Cimino.

The Trustee objects to the Claim on the grounds that it "is not enforceable against the Debtor because the Claimant failed to obtain relief from stay to pursue her claims in the State Court Case and because her Complaint in the State Court Case was dismissed with prejudice." (Objection ¶ 15.) In support of his argument the Trustee attaches a document, entitled "Order," prepared by the defendants' counsel and purportedly entered by the state court on August 19, 2014. It states in pertinent part:

> Defendants' Motion for Sanctions is granted, and Plaintiff's lawsuit is hereby Dismissed with Prejudice as a sanction for (A) Completely disregarding the Court's Orders, (B) For filing multiple frivolous motions to reconsider, and (C) for repeatedly violating the Court's order that Plaintiff not file motions to reconsider without leave of court. . . . Defendants' Motion to Strike Plaintiff's Rejection of the Mandatory Arbitration Award in favor of Defendants is Granted, because Plaintiff

> failed to give notice of her motion for waiver of the rejection fee, and as
> a sanction for failing to give notice of said motion.

(Objection Ex. B)  The document ends with the statement "This order is final & appealable." (*Id.*)  The Trustee next attaches a document prepared on a state court mandatory arbitration form which references the personal injury case, number 09-008252.  That exhibit purports to bear the signatures of arbitrators.  It states that an arbitration hearing took place on May 6, 2014, from 10:40 a.m. to 1:10 p.m., at which all parties "participated in good faith."  It further discloses that for their award, the arbitrators "find for all of the defendants and against the plaintiff Luciane R. Cimino" with no costs to be awarded. (*Id.* Ex. C.)  The document indicates that it was filed in the state court proceeding that same day.

In his Objection, the Trustee acknowledges that Ms. Cimino appealed the state court's ruling on September 18, 2014, on December 26, [2014],[1] and January 13, 2015, all before the petition date. (Objection ¶ 22.)  He concedes that those appeals remain pending in the First District of the Illinois Court of Appeals in two separate cases, 1-14-2866 and 1-14-3926. (*Id.* ¶ 22, Ex. D.)  The Trustee submits status reports (styled as motions) purportedly filed by Ms. Cimino in the appeals.  These documents indicate that the appellate proceedings were stayed on March 24, 2015, upon the court's receipt of a Notice of Bankruptcy filed by the defendants' attorney. The Trustee further asserts that Ms. Cimino has yet to seek relief from the automatic stay

---

[1] The Objection states that the second appeal was filed "December 26, 2015," which would have been post-petition.  However, the year appears to be a typographical error, as it is listed as chronologically second between September 2014 and January 2015 and as the Trustee makes no allegation that any of the appeals were filed in violation of the automatic stay. (Objection Ex. D.)

to proceed with the appeals.[2]   The Trustee's Objection presents these assertions without citing to a statute, rule or case law, and otherwise without articulating a formal legal theory for his argument that the arbitration award and dismissal of the complaint are grounds for disallowance of Ms. Cimino's Claim.

In addition, the Trustee objects to the Claim on its merits, alleging the Debtor "did not own the automobile involved in the collision with the Claimant, nor was the driver an employee or agent of the Debtor, and the Debtor has no obligation or liability to the Claimant on account of the Proof of Claim." (Objection ¶ 25.)  The Trustee also objects to the amount of the claim, pointing out that the Proof of Claim only identifies "medical costs of $50,102.31 and out-of-pocket costs of an additional $12,697.42" to argue that "it is unclear how the Claimant arrives at a total claim of $23,820,000.00." (*Id.* ¶ 20.)  Additionally, his Objection asserts that pursuant to 28 U.S.C. § 157(b)(5), the "Bankruptcy Court does not have jurisdiction to liquidate the Proof of Claim as it is a personal injury claim." (*Id.* ¶ 16.)

On August 31, 2023, Ms. Cimino, acting *pro se*, filed a notice of objection to the Objection and subsequently filed a responsive memorandum "In Opposition" to the Claim Objection. (ECF No. 1289.)  In that submission, she requested time to retain an attorney and to "file a formal Response in Opposition" to the Objection. (ECF No. 1276.)  The Court granted her leave to file a response by October 10, 2023. (ECF No.

---

[2] In her response to the Objection, Ms. Cimino does not dispute this assertion. (ECF No. 1289 ¶ 6.)

1278.)  She did not obtain counsel but did file a response.[3]  Most of her response is taken up with assertions about the merits of her underlying claim and her appeals – addressing both the dismissal order and the arbitration award.  She also takes issue with certain factual allegations in the Trustee's Objection and with allegations and statements made in some of the documents attached to the Objection.  She also offers explanations for why she has not sought relief from the automatic stay.  Finally, she argues in her response that because the order of dismissal was final and appealable and she filed appeals, the order of dismissal "is absolutely not a reason to object to Claimants Proof of Claim." (ECF No. 1289 ¶ 6.)

The Trustee filed his reply memorandum on October 17, 2023. (ECF No. 1290.) In his brief, the Trustee primarily argues whether Ms. Cimino's delay in seeking relief from the automatic stay is justified.  Again, he asserts without articulating his supporting legal theory or presenting authority that the arbitration award and state court order by themselves furnish grounds for disallowance.  The Trustee further addresses Ms. Cimino's argument with the assertion that "the merits of her case are not relevant to allowance of her Proof of Claim filed in this Bankruptcy Case.  As long as the Trustee can show that the Proof of Claim is not enforceable against the Debtor, the Court can disallow the Proof of Claim." (ECF No. 1290 ¶ 4.)  He then proceeds to argue that "having failed to seek relief from the automatic stay to pursue the Appeals,

---

[3] The response was entered by the Clerk on October 11, 2023, at 7:10 a.m.  Ms. Cimino claims that she submitted it through the *pro se* portal on October 10.  She apparently did so after hours and therefore the document was not entered on the docket until the following day.  In any event, the Court has considered the contents of the response in making its ruling.

this Court cannot liquidate her Proof of Claim pursuant to 28 U.S.C. § 157(b)(5) and it must be disallowed." (*Id.* ¶ 9.) Finally, the Trustee laments that if the Court were to overrule the Objection to the Claim "based on the Claimant's vague assertions of maybe someday seeking relief from the automatic stay to pursue her Appeals," then the Trustee would not be able to make distributions in the case to other creditors, a situation that could "hold up the administration of this bankruptcy case in perpetuity." (*Id.* ¶¶ 18-19.) Ms. Cimino sought leave to file a sur-reply, which request was denied for the reasons stated on the record on October 24, 2023. At that time, the Court rendered a preliminary oral decision, stating it will later issue a written decision. Providing the parties opportunity to consider the preliminary determination, this Court then continued the matter for further hearings on status.

## II. DISCUSSION

### A. Jurisdiction.

Generally, bankruptcy courts possess both jurisdiction and constitutional authority to hear and rule on objections to claims against the estate. The district court is vested with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Claims objections adjudicate the right to distribution of the bankruptcy estate and, therefore, are governed by Section 502 of the Bankruptcy Code, providing for allowance or disallowance of claims or interests.

Bankruptcy courts have constitutional authority to enter final orders on claims objections. *See, e.g., Stern v. Marshall*, 564 U.S. 462, 499 (2011) (the question of court's authority "is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").  However, while most proceedings on the allowance or disallowance of claims are designated "core proceedings" by 28 U.S.C. § 157(b)(2)(B), the statute excepts "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B).  For those matters, the "district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5).

Pursuant to 28 U.S.C. § 157(a), the Northern District of Illinois has referred "any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. . . . to the bankruptcy judges of this District." Internal Operating Procedure 15(a).  The referral includes non-core proceedings related to the case such as the liquidation or estimation of a contingent or unliquidated claims.  Although section 157(b)(5) makes clear that a personal injury tort claim "shall be tried in the district court," its proscription does not limit the bankruptcy court from making certain rulings on the claim, even if unliquidated and contingent.  A recent District Court decision notes "numerous

courts have held, § 157(b)(5) 'allow[s] for pretrial consideration of personal injury tort claims by the bankruptcy court, including a determination that such a claim is legally unenforceable.'" *Collum v. City of Chicago*, No. 23 C 2835, 2023 U.S. Dist. LEXIS 166242, at *4-6 (N.D. Ill. Sep. 19, 2023) (quoting *In re UAL Corp.*, 310 B.R. 373, 381 (Bankr. N.D. Ill. 2004)). *See also In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (explaining that in the Ninth Circuit, "bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide").[4] Thus, we conclude that while this Court possesses the authority to conduct pre-trial proceedings to determine whether a personal injury claim is allowable as a matter of law, it is precluded from adjudicating the merits of such claim.

---

[4] *See also In re Roman Cath. Diocese of Rockville Ctr.*, 650 B.R. 765, 776 (Bankr. S.D.N.Y. 2023) ("While a Bankruptcy Court cannot assess the substantive merits of a personal injury tort claim, . . . . there is no such proscription for summarily disposing of claims which have no basis in law, on a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56."); *Yellow Sign, Inc. v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 466 B.R. 750, 777-78 (the bankruptcy court had the "authority to preside over the claim and adjudicate motions, including dispositive motions, until it is ready for trial"); *In re G-I Holdings, Inc.*, 323 B.R. 583, 615 (Bankr. D.N.J. 2005) ("While 28 U.S.C. § 157(b)(5) requires the district court to order personal injury tort and wrongful death claims be tried in that court, § 157(b)(5) does not affect pretrial proceedings."); *In re Wysong & Miles Co.*, No. 04-10005, 2005 Bankr. LEXIS 2762, at *4 (Bankr. M.D.N.C. Dec. 29, 2005) ("[T]he general rule is that nothing prevents a bankruptcy court from conducting pre-trial proceedings on personal injury tort claims."); *In re Chateaugay Corp.*, 146 B.R. 339, 343 (S.D.N.Y. 1992) ("The Bankruptcy Court was correct in concluding that the actual provisions of 28 U.S.C. § 157 . . . compel a finding that the Bankruptcy Court has jurisdiction to disallow legally deficient personal injury tort and wrongful death claims in the first instance."). *But see Moore v. Idealease of Wilmington*, 358 B.R. 248, 252 (E.D.N.C. 2006) ("Although some courts construe section 157(b)(5)'s use of the term 'tried' to mean that a bankruptcy court may resolve pre-trial motions in such actions, this court believes that (absent consent) a district court should retain control over all aspects of personal injury tort claims under section 157.").

B.  **The Trustee Has Not Shown The State Court Rulings Rendered The Claim
Not Allowable.**

A claim against the bankruptcy estate for which a proof of claim is properly

filed "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

If an objection is properly raised, the bankruptcy court,

> after notice and a hearing, shall determine the amount of such claim in
> lawful currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the extent
> that (1) such claim is unenforceable against the debtor and property of
> the debtor, under any agreement or applicable law for a reason other
> than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).  However, while "Federal Rule of Bankruptcy Procedure 3001(f)

provides that a proof of claim . . . is 'prima facie evidence of the validity and amount

of the claim,' this rule does not address the burden of proof when a trustee disputes

a claim." *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 22 n.2 (2000).  Instead, the

ultimate burden of proof generally remains the same as that imposed by the

underlying substantive law. *See id.* at 17 ("We hold that bankruptcy does not alter

the burden imposed by the substantive law.").  As this Court has previously

explained,

> The objector to a claim bears the initial burden of rebutting the
> presumption of validity.  Once the objector has produced some basis for
> calling into question [the] allowability of a claim, the burden then shifts
> back to the claimant to produce evidence to meet the objection and
> establish that the claim in fact is allowable.  However, the ultimate
> burden of persuasion always remains with the claimant to prove
> entitlement to the claim.

*In re DeKroon*, 593 B.R. 778, 781-82 (Bankr. N.D. Ill. 2018).  Generally, once a

creditor has filed a claim of *prima facie* validity, as Ms. Cimino has, the "court must

allow the claim unless a party in interest objects and produces evidence sufficient to rebut the claim." *In re Hood*, 449 F. App'x 507, 509-10 (7th Cir. 2011) (citing *In re Carlson*, 126 F.3d 915, 921-22 (7th Cir.1997)).

In this case, the Trustee contends that the arbitration award and related state court order dismissing with prejudice Ms. Cimino's personal injury complaint preclude her from asserting the same or a related claim against the bankruptcy estate. He does not articulate a specific legal theory for his contention, leaving it for the Court to determine. We begin, therefore, by identifying the governing law. As explained by the Seventh Circuit, the "preclusive effect of a state judgment in federal litigation depends on the rendering state's law." *Rogers v. Desiderio*, 58 F.3d 299, 301-02 (7th Cir. 1995) (citing 28 U.S.C. § 1738). As the court noted in that decision, "most states give decisions of the court of first instance preclusive effect whether or not the losing party has taken an appeal." *Id.* The Illinois Supreme Court, however, has determined that it is correct to deny "collateral estoppel due to the lack of finality" where an appeal of the judgment relied upon is pending. As explained by the court, for "purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." *Ballweg v. Springfield*, 114 Ill. 2d 107, 113 (1986). The court has subsequently reaffirmed this holding. For example, in 2009, it stated that "[t]his court has repeatedly held that '[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted.'" *People v. Hopkins*, 235 Ill. 2d 453, 469 (2009) (quoting *In re A.W.*, 231 Ill. 2d 92, 100 (2008); *Ballweg,* 114 Ill. 2d at 113).

To be sure, the Trustee has not identified whether his argument rests on collateral estoppel or, if not, what is his theory. The Court of Appeals noted in *Rogers* that Illinois appellate courts seem to have reached different opinions on whether the same rule applies to both claim preclusion (sometimes referred to as *res judicata*) and issue preclusion (sometimes referred to as collateral estoppel). 58 F.3d at 302 ("To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment."). In the context of an argument to bar related claims <u>not</u> brought in litigation, the *Rogers* court speculated that "[o]ne could in principle limit *Ballweg* to issue preclusion; the effect of a judgment as a bar to other litigation depends on the issues omitted from the complaint, and these cannot be affected by an appeal." *Id.* However, that theory would not apply here. The Trustee does not seek to bar claims Ms. Cimino did not bring in the state court litigation. Rather, he seeks to bar the claim Ms. Cimino has asserted but lost on. That claim will certainly be affected by the appeal. In any event, as the Illinois Supreme Court has noted, "a party claiming *res judicata* — as the party bearing the burden of showing that *res judicata* applies — has a duty to clarify the record so as to *clearly* demonstrate his entitlement to the doctrine's application." *Hernandez v. Pritikin*, 367 Ill. Dec. 253, 265 (2012). That the Trustee has not done.

## C.  It Is Appropriate To Abstain In Favor Of The Pending Appeals.

The Trustee fails to show that this Court can disallow the Claim based on the arbitration award and default judgment. As discussed above, this Court lacks the authority to adjudicate his remaining objections based on the merits of the Claim.

But the lack of such authority is not grounds to disallow the Claim. In its preliminary ruling on the Trustee's objection, the Court noted that the parties might consider pursuing adjudication of the merits of the personal injury Claim in the state court, if the stay were lifted, or in the District Court. A lengthy date was set for further hearing on the Trustee's objections to provide the parties time to weigh these options. But neither party has acted on this. The Trustee faults Ms. Cimino for not seeking modification of the automatic stay, but he has not explained his own failure to request stay relief or to proceed in the District Court. Whatever their respective reasons, the parties seem to share a notable reluctance to move ahead in a forum with the authority to adjudicate the questions that remain at issue.

Given the current posture of this chapter 7 case and of the Claim, this Court believes it is appropriate to permissively abstain *sua sponte* so as to allow the appellate court to adjudicate the pending appeals. Courts have recognized that a bankruptcy court may act on its own motion to abstain and lift the automatic stay when confronted, as this Court is, with questions "that are imminently pending in state court." *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) (*citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990)). *See also In re Concepcion*, 294 B.R. 622, 624 (Bankr. D.P.R. 2013) (citing cases).[5] A federal court has the discretion to abstain from a matter under 28

---

[5] *In re Bellucci*, 119 B.R. 763, 779 (Bankr. E.D. Cal 1990) (applying 11 U.S.C. §105(a) to section 362(d)); *McDowell v. Stein*, 415 B.R. 584 (S.D. Fla. 2009) ("A bankruptcy court could lift automatic stay *sua sponte* in order to permit appeals in state-court actions against debtor to proceed."). *See also Chicago v. Ford City Condominium Assoc. (In re Ford City Condominium Assoc.)*, 653 B.R. 424, 428 (Bankr. N.D. Ill. 2023); *In re Repurchase Corp.*, 329 B.R. 832, 835 (Bankr. N.D. Ill. 2005).

U.S.C. §1334(c)(1) when doing so is "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1334(c)(1).

In addition to the general considerations listed in the statute, the Seventh Circuit has identified a number of relevant factors courts may consider in determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). The factors should be applied "flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Id.* However, a decision to abstain permissively must be weighed against a court's obligation to exercise the jurisdiction bestowed by Congress. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, (1976); *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir.1996).

A number of these factors weigh heavily in favor of abstention. First, of course, is the fact that in this case Congress has not bestowed jurisdiction to try the merits

of this personal injury claim on this Court.  Also striking is the extent to which the related proceeding have already progressed in the state court where an arbitration award and default judgment await appellate review.  Unlike proceeding to withdraw the reference and begin litigation afresh in the District Court as would otherwise be required to resolve the Trustee's remaining objections, abstention will permit the pending appeal to resume immediately.  It is not disputed that state law issues predominate over bankruptcy issues with respect to the remaining issues to the Trustee's Objection.  There is no diversity or other federal question jurisdiction over the Claim, and it is noteworthy that the litigation in the state court involves the presence of at least one non-debtor co-defendant.  There is little worry for forum shopping or similar tactics coming into play.

The issues before this Court will either have to be adjudicated in proceedings that would need to be commenced in the District Court or in the state court where the matter has been pending since 2009.  At this stage, it does not appear that abstention will have an appreciably negative impact on the administration of the bankruptcy estate.  This chapter 7 bankruptcy case is mature, and it appears that the prompt resolution of this Claim will advance the completion of the estate's administration.  But another court must "try" the merits of this personal injury claim.

Weighing the factors pertinent to this case, this Court finds that abstention from hearing the Trustee's objection on the merits of the Claim in favor of going forward in the state court offers an approach for resolving the issues that best serves the interests of justice, comity and judicial economy.  In light of these circumstances,

the Court further finds that "cause" exists within the meaning of 11 U.S.C. § 362(d) for modification of the automatic stay to allow the proceedings in state court to go forward. *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 737 (7th Cir. 1991). As discussed above, the Court is confronted with issues which it does not have authority to try and which "are imminently pending in the state court." *Azam*, 690 F. App'x at 486. To promptly effectuate its determination that abstention is appropriate, the Court "will exercise its authority to *sua sponte* lift the stay pursuant to 11 U.S.C. §§ 105(a) and 362(d)" to permit the appeals in the state court action to proceed. *Philips v. Sanchez (In re Sanchez)*, No. 97-35971-T, 1997 Bankr. LEXIS 2228, at *8 n.6 (Bankr. E.D. Va. Nov. 7, 1997); *see also McDowell v. Stein,* 415 B.R. 584 (S.D. Fla. 2009) (noting that a bankruptcy court could *sua sponte* order stay relief).

## III. CONCLUSION

Accordingly, the chapter 7 Trustee's Objection will be overruled to the extent it is grounded on the theory that Ms. Cimino is precluded from asserting her claim against the estate by the pre-petition arbitration award or the pre-petition dismissal order. The Court will abstain from proceeding further on the remainder of the Objection so as to allow the parties to proceed in the state court to a final determination of Ms. Cimino's underlying cause of action, following which this Court will further consider whether her claim shall be disallowed. To the extent necessary, the automatic stay will be modified pursuant to 11 U.S.C. § 362(d) to allow the parties to pursue this course of action.

A separate order will issue concurrently with this Memorandum Decision giving effect to the determinations reached herein.

DATE:  January 10, 2024

ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge